UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RREEF INFRASTRUCTURE (G.P.) LIMITED and RREEF PAN-EUROPEAN INFRASTRUCTURE TWO LUX S.A.R.L.,<br><br>　　　　　　　Petitioners,<br>v.<br><br>KINGDOM OF SPAIN,<br><br>　　　　　　　Respondent. | Civil Action No. 1:19-cv-03783-CJN<br><br>**Hon. Carl J. Nichols** |

**THE KIGNDOM OF SPAIN'S OPPOSITION
TO PETITIONERS' MOTION FOR SUBSTITUTION**

The Kingdom of Spain opposes Petitioners' Motion for Substitution (ECF No. 51). Under Federal Rule of Procedure 25(c), substitution is permissive and left to the Court's discretion. Courts permit substitution when it promotes the efficient resolution of the dispute. The proposed substitution offers no gain in efficiency. Spain's motion to dismiss is fully briefed and ripe for decision. Instead, the proposed substitution appears designed to evade the application of EU law by substituting a US entity as the named petitioner. The Court should exercise its discretion to deny the Motion for Substitution and allow this case to resolve between the proper parties.

**I.　　THE COURT SHOULD DENY THE MOTION BECAUSE SUBSTITUTION WOULD NOT PROMOTE THE EFFICIENT RESOLUTION OF THE CASE.**

Federal Rule of Procedure 25(c) governs substitution when a party transfers its interest in the outcome of the dispute. "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). Rule 25(c) is "wholly permissive" and "does not require [that] transferees . . . be substituted." *Commissions Imp. Exp.,*

1

*S.A. v. Republic of Congo*, 118 F. Supp. 3d 220, 231 (D.D.C. 2015). The "decision whether to grant or deny a Rule 25(c) motion is a matter within the district court's discretion." *Stewart Title Guar. Co. v. Lewis*, 2018 WL 1964870, at *1 (D.D.C. Feb. 16, 2018).

"The primary basis for deciding [a Rule 25(c)] motion is whether substitution would facilitate the conduct of the litigation." *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 247 F. Supp. 3d 76, 86 (D.D.C. 2017) (internal quotation marks omitted). Courts typically "focus on considerations of convenience and economy" in this context because Rule 25(c) is a discretionary, procedural mechanism. *Paleteria La Michoacana*, 247 F. Supp. 3d at 86 (internal quotation marks omitted); *see also Branch Banking & Tr. Co. v. Morehouse*, 2011 WL 13257608, at *3 (D.D.C. Oct. 11, 2011).

Substituting Blasket Renewable Investments LLC ("Blasket") into this action would not "facilitate the conduct" of this litigation. *Paleteria La Michoacana*, 247 F. Supp. 3d at 86 (internal quotation marks omitted). Blasket was not a party to the underlying arbitration; it has no first-hand knowledge of those proceedings or the issues relevant to this case. Spain's motion to dismiss is fully briefed. For the reasons advanced by Spain in its briefing, the Court should grant the pending motion to dismiss, which would "bring[] this litigation to a close" and render "substitution . . . unnecessary." *Commissions Imp. Exp., S.A.*, 118 F. Supp. 3d at 231.

II.  **THE COURT SHOULD DENY THE MOTION BECASE PETITIONERS ARE SEEKING TO EVADE THE APPLICATION OF EU LAW.**

"Rule 25(c) . . . is a procedural vehicle," *Maysonet-Robles v. Cabrero*, 323 F.3d 43, 49 (1st Cir. 2003), that is designed to have "no bearing on the substantive rights of the parties," *Commissions Imp. Exp., S.A.*, 118 F. Supp. 3d at 231. Thus, substitutions that "substantively prejudice[]" another party to the litigation "stretch[]" Rule 25(c) "beyond its intended function." *See Fashion G5 LLC v. Anstalt*, 2016 WL 7009043, at *3 (S.D.N.Y. Nov. 29, 2016).

Spain recently filed an action in the District Court of Luxembourg—the home country of Petitioner RREEF Pan-European Infrastructure Two Lux S.A.R.L.—requesting that the Luxembourg court, pursuant to Luxembourg law applicable to that Luxembourg petitioner, require that it cease and desist from further efforts to enforce the Award, which was rendered in violation of Luxembourg (and EU) law.  Petitioners thereafter sought substitution to replace themselves with a new entity, incorporated under Delaware law.  The motion to substitute thus appears to be a straightforward attempt to escape—again—the application of EU law to this European dispute.[1]

"While framed as request for a technical 'substitution' of a party," Petitioners' motion is an attempt to leave Spain "without recourse" in the Luxembourg litigation.  *Fashion G5 LLC v. Anstalt*, 2016 WL 7009043, at *3 (S.D.N.Y. Nov. 29, 2016).  Because this Court "must take care" to ensure that a Rule 25(c) substitution does "not . . . impair the substantive rights of the parties," Petitioners' motion should be denied.  *Great W. Cas. Co. v. Kirsch Transp. Servs., Inc.*, 2022 WL 4182377, at *3 (S.D. Iowa June 3, 2022); *see, e.g.*, *Fashion G5 LLC*, 2016 WL 7009043, at *1 (denying Rule 25(c) motion where substitution would have had "a substantive . . . and adverse effect on the interests of" the opposing party).

## CONCLUSION

For the foregoing reasons, Spain respectfully requests that the Court deny Petitioners' Motion for Substitution.

---

[1] Petitioners' effort is particularly galling because US entities are afforded no rights under the Energy Charter Treaty, since the United States is not a signatory.  Petitioners were incorporated in EU Member States to bring themselves within the ambit of the ECT.  Now that they have an Award, which ostensibly grants them monetary relief under that treaty, they now seek to restructure the interest to an entity that could never have brought the claim in the first place.

Dated:  February 20, 2023

Respectfully submitted,

  /s/ Jonathan M. Landy

Jonathan M. Landy (D.C. Bar No. 467847)
Benjamin W. Graham (D.C. Bar No. 1044724)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, DC  20024
Tel.:     (202) 434-5000
Fax:     (202) 434-5029
Email:   jlandy@wc.com

Csaba M. Rusznak (D.C. Bar No. 1030310)
SOVEREIGN ARBITRATION ADVISORS LLC
1050 Connecticut Avenue, N.W., Ste. 66255
Washington, DC  20035
crusznak@sovereignarbitration.us

*Counsel for the Kingdom of Spain*

4

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2023, I caused the foregoing to be filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered participants.

                                                   */s/ Jonathan M. Landy*
                                                   Jonathan M. Landy