IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RREEF Infrastructure (G.P.) Limited; RREEF Pan-European Infrastructure Two Lux S.A.R.L., *Petitioners*, v. The Kingdom of Spain, *Respondent*. | **Civil Action No. 1:19-cv-03783-CJN** |

## <u>Petitioners' Reply in Support of Their Motion for Substitution</u>

Respondent the Kingdom of Spain ("Spain") agrees with Petitioners RREEF Infrastructure (G.P.) Limited and RREEF Pan-European Infrastructure Two Lux S.A.R.L. ("Petitioners") and their assignee, Blasket Renewable Investments LLC ("Blasket"), that substitution of parties under Federal Rule of Civil Procedure 25(c) is appropriate whenever it would facilitate the conduct of the litigation. But Spain offers no response to the legion cases making clear that this standard is necessarily satisfied—*i.e.*, that substitution would necessarily facilitate the conduct of litigation—whenever "a transfer [of a legal interest] gives another party ownership of the relevant property." *Stewart Title Guar. Co. v. Lewis*, 2018 WL 1964870, at *1 (D.D.C. Feb. 16, 2018) (collecting cases). That is undisputedly the case here: Petitioners lawfully assigned all their rights under the Award to Blasket. Spain does not dispute that the assignment is valid and effective, and as a result, it is beyond question that Blasket—not Petitioners—now holds "the sole interest in the outcome of the litigation." *Id*. Substitution of Blasket as petitioner is thus warranted, and none of Spain's counter-arguments has merit.

1

I.      **Substitution Would Not Prevent The Efficient Resolution Of This Action.**

Spain first speculates that Blasket's substitution would impede the resolution of this case because Blasket lacks "first-hand knowledge" of the arbitration proceedings that produced the Award.  ECF No. 52 ("Opp. Br.") at 2.  That argument makes no sense.  Neither the Petition to Enforce Arbitral Award, ECF No. 1, nor Spain's Motion to Dismiss, ECF No. 16-1, raises any issue of fact that turns on the particular details of the arbitration.  To the contrary, the resolution of this case depends solely on questions of law—specifically, the application of the Foreign Sovereign Immunities Act and of the ICSID Convention and its implementing legislation—and on the plain text of the Award.  Blasket is therefore fully equipped to step into Petitioners' shoes and prosecute this action.  *See Cessna Fin. Corp. v. Al Ghaith Holding Co. PJSC*, 2021 WL 603012, at *3 (S.D.N.Y. Feb. 16, 2021) (ordering substitution "given that [petitioner] has assigned its interest in, title and rights to the Award and Judgment to [assignee]," since "substitution of [assignee] as Petitioner for purposes of enforcement of the Judgment is likely to simplify the action" (citations omitted)); *Cessna Fin. Corp. v. Gulf Jet LLC*, 2021 WL 7447793, at *2 (S.D.N.Y. June 2, 2021) (same).[1]

Spain also argues that substitution is unnecessary because the matter has been fully briefed.  Opp. Br. 2.  But that is not a reason to deny substitution so that judgment can be entered in the name of the correct party—Blasket—who will own all rights in and bear all responsibility for

---

[1] Spain's complaint that Blasket "could never have" obtained the Award "in the first place" because the United States is not a party to the Energy Charter Treaty ("ECT"), Opp. Br. 3 n.1, has no bearing on this motion.  By its very nature, an assignment transfers to the assignee rights that the assignee otherwise would have lacked.  That in no way prevents a court from honoring the assignment.  *See*, *e.g.*, *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 286 (2008) ("aggregators" could sue based on assignment from "payphone operators" even though "the aggregators did not originally suffer any injury . . . ; the payphone operators did").  Spain does not dispute the validity of the assignment, and it offers no reason why the assignee's inability to obtain its own award should have any effect on the assignment or on substitution.

enforcing that judgment.  In the sole case Spain cites, the court denied a motion to substitute as unnecessary only *after* it had already decided to enter judgment and no further litigation remained. *Comm'ns Imp. Exp., S.A. v. Republic of Congo*, 118 F. Supp. 3d 220, 230-31 (D.D.C. 2015).  Even under those circumstances, courts often grant substitution where, as here, a transfer has given another party the sole interest in the outcome of the litigation.  *E.g.*, *Sullivan v. Running Waters Irrigation, Inc.*, 739 F.3d 354, 356 (7th Cir. 2014); *Luxliner P.L. Exp., Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (3d Cir. 1993).

Here, in any event, Spain's motion to dismiss remains pending, and the parties have continued to actively engage on the issues through notices of supplemental authority.  *See, e.g.*, ECF Nos. 30-31, 47-50, 53.  It should be Blasket—which, again, now has the sole interest in seeing the Award enforced—that takes this action through to final judgment.  *See ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 191 (8th Cir. 1995) (Rule 25(c) was "designed to allow an action to continue unabated when an interest in a lawsuit changes hands" (citation omitted)); *cf. Greater Potater Harborplace, Inc. v. Jenkins,* 935 F.2d 267 (4th Cir. 1991) (per curiam) (noting that it is "well established" that substitution can be appropriate even after final judgment "where [it] is necessary for enforcement of the judgment").

## II.     Spain's Improper Effort To Deprive This Court Of Jurisdiction Does Not Justify A Denial Of Substitution.

Finally, Spain argues that substitution is inappropriate because it would harm Spain's interests—not in this Court, but in Luxembourg, where Spain has initiated a proceeding seeking to enjoin Petitioners from pursuing any action to enforce the Award in this Court (the "Luxembourg Action").  Opp. Br. 2-3.  But it is the Luxembourg Action that seeks to "evade" *U.S.* law through an illegitimate assault on this Court's jurisdiction, *id.* at 2—not the other way around.  And in any event, Spain's interests in other jurisdictions are irrelevant under Rule 25(c).

*First*, any prejudice Spain may experience from the substitution is attributable to its own improper attempt to collaterally attack the Court's jurisdiction over this case.  As this Court recently recognized in blocking two materially identical anti-suit injunction requests by Spain in European courts, "the express and primary purpose of Spain's suit" is "to *terminate* this action—ordering [Petitioners] to withdraw this suit, imposing penalties upon failure to do so, and issuing a worldwide injunction preventing [Petitioners] from taking any action to confirm the Award." *NextEra Energy Glob. Holdings B.V. v. Kingdom of Spain*, 2023 WL 2016932, at *9 (D.D.C. Feb. 15, 2023) (cleaned up); *9Ren Holding S.À.R.L. v. Kingdom of Spain*, 2023 WL 2016933, at *8 (D.D.C. Feb. 15, 2023); *see also* Opp. Br. 3 (describing the Luxembourg Action in identical terms). Spain is thus "actively seeking" to "frustrate the operation of U.S. law" and "deprive this [C]ourt of jurisdiction" by barring Petitioners from proceeding here.  *NextEra*, 2023 WL 2016932, at *10.

Substituting Blasket as petitioner in this Court presumably would thwart Spain's ambitions, but that is a problem of Spain's "own making."  *Id.*  Blasket now holds the Award, so Spain simply sued the wrong party in Luxembourg.  And it should garner no sympathy for that error here, given its blatant disregard for this Court's authority.  *Id.*  Petitioners, by contrast, have not sought to "evade" anything, *contra* Opp. Br. 2; they assigned their rights to Blasket in October 2022, well before Spain initiated its attempt to undercut this Court's jurisdiction.  *See* ECF No. 51-1 at 4. Petitioners and Blasket then filed their motion for substitution just a few weeks after providing the required notice of assignment to Spain last month.  *See id.* at 2; *cf. Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 247 F. Supp. 3d 76, 87 (D.D.C. 2017) ("Rule 25(c) places no time limit on a party seeking substitution or joinder.").

*Second*, substitution of Blasket as petitioner remains the most expedient path forward even in light of the Luxembourg Action.  Under any circumstances, Blasket is the rightful owner of an

award that was properly obtained through arbitration proceedings under the ICSID Convention, and it is entitled to proceed with the enforcement of the Award in one manner or another irrespective of any injunction that may be entered against Petitioners.  If, for example, this Court were to deny substitution and Spain were to prevail in Luxembourg, rendering Petitioners unable to prosecute this suit, that would simply entitle Blasket to intervene in this case as of right to protect its undisputed legal interest in the Award.  *See Crossroads Grassroots Pol'y Strategies v. FEC*, 788 F.3d 312, 320 (D.C. Cir. 2015) (intervention as of right is warranted if (1) it is sought in a timely manner, (2) the would-be intervenor asserts "a legally protected interest," (3) the action "impairs or impedes that interest," and (4) "no party to the action can adequately represent the potential intervenor's interest"); *accord* Fed. R. Civ. P. 24(a)(2).  The most straightforward path to enforcement is to substitute Blasket now, rather than to force Petitioners to pursue unnecessary litigation on multiple fronts—defending against Spain's anti-suit injunction in Luxembourg while seeking an order in this Court (as in *NextEra* and *9Ren*) blocking that injunction—or else to force Blasket to litigate this case as an intervenor or in a new action.  Substitution would thus best serve the "considerations of convenience and economy" that undergird Rule 25(c).  *Paleteria La Michoacana*, 247 F. Supp. 3d at 86 (citation omitted).

Finally, any prejudice Spain may experience *elsewhere*—to its illegitimate and misdirected lawsuit in Luxembourg—is simply irrelevant to the substitution standard in this Court.  The inquiry under Rule 25(c) is whether substitution would "facilitate the conduct of the litigation" at hand—not whether it would prevent Spain from circumventing this Court's jurisdiction through a *separate* proceeding in a foreign court.  *Id.* at 86, 89 (citation omitted); *see also Danaher Corp. v. Travelers Indem. Co.*, 2020 WL 6712193, at *5 (S.D.N.Y. Nov. 16, 2020) (ordering substitution because it would not "delay [or] complicate *this litigation*" (emphasis added)).  Spain cites nothing to the

contrary.  *See* Opp. Br. 2-3 (citing  *Great W. Cas. Co. v. Kirsch Transp. Servs., Inc.*, 2022 WL 4182377, at *3 (S.D. Iowa June 3, 2022) (substitution of defendant "may impair [plaintiff's] ability to prove its claim" in the same case); *Fashion G5 LLC v. Anstalt*, 2016 WL 7009043, at *3 (S.D.N.Y. Nov. 29, 2016) (substitution of defendant would make it "considerably more unwieldy" for plaintiff to obtain needed discovery in the same case)).[2]

## **CONCLUSION**

For the foregoing reasons and for those stated in their Motion for Substitution, Petitioners and Blasket respectfully request that the Court substitute Blasket as the petitioner in this action.

Dated: February 27, 2023

Respectfully submitted,

/s/ Matthew McGill
Matthew McGill, D.C. Bar #481430
mmcgill@gibsondunn.com
Matthew S. Rozen, D.C. Bar #1023209
mrozen@gibsondunn.com
Ankita Ritwik, D.C. Bar #1024801
aritwik@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036
Telephone:  202.955.8500
Facsimile:  202.467.0539

*Attorneys for Petitioners RREEF Infrastructure (G.P.) Limited and RREEF Pan-European Infrastructure Two Lux S.A.R.L. and for Assignee Blasket Renewable Investments LLC*

---

[2] If the Court declines to order substitution, it should, at minimum, join Blasket as a petitioner so it can participate in the adjudication of the enforceability of an award that it owns.  *See* Fed. R. Civ. P. 25(c) (permitting substitution *or* joinder of the transferee).

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2023, I caused a true and correct copy of the foregoing Reply in Support of Petitioners' Motion for Substitution to be filed with the Clerk for the U.S. District Court for the District of Columbia through the ECF system. Participants in the case who are registered ECF users will be served through the ECF system, as identified by the Notice of Electronic Filing.

/s/ Matthew McGill
Matthew McGill